CHICAGO—FIRST DISTRICT—APRIL, 1919.     61

O'Brien v. Int. Ladies' Garment Workers' Union, 214 Ill. App. 61.

James S. O'Brien et al., Appellees, v. International Ladies' Garment Workers' Union et al. (Defendants).

Ash-Madden-Rae Company et al., Appellees, v. International Ladies' Garment Workers' Union et al. (Defendants).

In the Matter of the Contempt of Sam Schuester, Appellant.

## Gen. No. 23,710.

1. INJUNCTION, § 260*—*when punishment for violation of injunction not unreasonable.* On appeal from an order punishing appellant for acts of intimidation and violence in violation of an injunction issued during a strike, evidence that appellant, a member of one of the striking unions, in company with another, made their way into the bedroom of one of the workers and, upon his refusing to quit work, committed a violent assault accompanied by language indicating a disregard for the injunction, *held* to show that the finding of guilty was justified and the punishment of 6 months in jail and a fine of $100 not unreasonable.

2. INJUNCTION, § 257*—*when knowledge of injunction against union shown.* An appeal from a sentence for violation of an injunction, evidence that appellant admitted that he knew his union was enjoined, that a witness had talked with him in the vicinity of the factory where placards were posted giving information as to the injunction and that there was widespread publicity concerning it, *held* sufficient to show that he had knowledge of the injunction.

3. INJUNCTION, § 257*—*when shown that assault was committed in connection with injunction against strikers.* On appeal from a conviction for violation of an injunction issued during a strike, the undisputed testimony of the worker assaulted by appellant as to why he was assaulted, in connection with other circumstances of the case, *held* to show that the assault was committed in connection with the injunction.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed April 7, 1919.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

DARROW & SISSMAN, for appellant; VICTOR S. YARROS, of counsel.

LEWIS F. JACOBSON, for appellees.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is one of the contempt cases which we have referred to in our opinion this day filed in case No. 23,705, *ante,* p. 46. What we there said as to the circumstances and the legal propositions involved applies to the case of this appellant and is adopted as part of this opinion.

Appellant Schuester is a member of one of the organizations affiliated with the International Ladies' Garment Workers' Union, and had been employed by one of the complainants. He went out on strike February 15th. Later a petition was filed charging him and one Sam Handleman with violating the injunction by acts of intimidation and violence against one Harry Pefferman, an employee of the complainant. Schuester was found guilty of violation of the injunction and sentenced to a term of 6 months in the county jail and to pay a fine of $100.

The evidence tended to show that on March 26, 1917, Schuester and Handleman went to the place where Pefferman lived and made their way into his bedroom where he was asleep in bed; that they commenced to beat him with an iron curtain rod, inflicting wounds and bruises on his arms, elbows and abdomen, which still appeared at the time of the hearing in court. He fell out of bed, and Schuester jumped on him and struck him in the face. Pefferman said to Schuester during the assault, "You know what you will get from the court for this," and Schuester replied, "I don't care if I get 20 years, I want to beat you up." This stands uncontradicted in the record. There was testi-

mony by other witnesses that Schuester made statements admitting the assault, but referring to it as "an argument." Handleman and Schuester were both members of the Garment Workers' Union and were well known to Pefferman, who testified that when they arrived in his room on the night of the assault Schuester stated he wished Pefferman would not continue to work, but was told by Pefferman that as everybody was working in the shop he would continue to work, and that thereupon they commenced to beat him.

In defense it is stated that the evidence fails to show that Schuester had notice of the injunction, but this is not justified by the record. Schuester in his testimony admits that he had heard that his union was enjoined. Another witness also testified that he had employed Schuester during the strike and had talked with him as to why he was not working; that this conversation took place in the vicinity of the factory where placards were posted giving information concerning the injunction. There is also other evidence as to the widespread publicity by newspapers and posting of summaries of the injunction. We are of the opinion, in view of Schuester's admission and the other evidence, that his knowledge of the injunction was sufficiently proven.

It is asserted that the assault is not shown to have been connected with the injunction. The undisputed testimony of Pefferman as to why he was assaulted, taken in connection with the other circumstances of the case, established clearly that the assault on Pefferman was solely for the purpose of intimidating him so as to cause him to stop working. The assault was brutal and in defiance of the order of court, as indicated by Schuester's remarks at the time, that he would commit the assault regardless of what the court might do.

There can be no doubt as to the propriety of the finding that Schuester was guilty, and in view of the

seriousness and flagrancy of the offense the punishment is not unreasonable. The judgment is affirmed.

*Affirmed.*